IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RICO DUKES, )<br>   Plaintiff, )<br>vs. )<br>)<br>WHITEHOUSE, WASHINGTON DC, )<br>   Defendant. ) | No. 3:17-CV-2509-D-BH<br><br>Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION

Pursuant to *Special Order No. 3-251*, this pro se case has been automatically referred for screening. Based on the relevant filings and applicable law, the plaintiff's claims should be **DISMISSED**.

### I. BACKGROUND

On September 15, 2017, the plaintiff filed this *pro se* "criminal complaint" against the White House, in Washington, DC, expressly invoking "U.S. Code 28-607 practice of law prohibited," "U.S. Constitution sec 10 illegal tax and fraud," "IRS Code 1.1001.1 4657 CCH - illegal tax and fraud," and "RICO Act, 109 collection of unlawful debt." (doc. 3 at 1.)[1] He claims that the defendant is "the center and key to the United States IRS code 1.1001.1 4657 cch, which clearly states the ONLY legal tender of payment debt is gold and silver coins." (*Id*. at 2.) He appears to claim that any other form of payment is unlawful, and that the White House and the President are in clear violation of the RICO Act and Section 10 of the Constitution. (*Id.*)

The plaintiff has filed twenty other lawsuits in this district asserting claims under some of these same statutes, many of which have been dismissed as frivolous or for failure to state a claim, and he has been warned of the imposition of sanctions if he persists in filing frivolous or baseless

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

cases. *See Dukes v. United States Patten Trademack Office (USPTO)*, No. 3:17-CV-2508-G-BK (N.D. Tex. Nov. 20, 2017). No process has been issued.

## II. PRELIMINARY SCREENING

Because the plaintiff has been permitted to proceed *in forma pauperis*, his complaint is subject to judicial screening under 28 U.S.C. § 1915(e)(2). It provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

## III. CRIMINAL CHARGES

To the extent that plaintiff's "criminal complaint" seeks to enforce a criminal statutes or to have someone criminally prosecuted, "[p]rivate citizens do not have the right to bring a private action under a federal criminal statute." *Sappore v. Arlington Career Inst.*, No. 3:09-CV-1671-N, 2010 WL 446076, at *2 (N.D. Tex. Feb. 8, 2010) (citing *Pierre v. Guidry*, 75 F. App'x 300, 301 (5th

Cir. 2003) (per curiam)). Nor may a private party enforce criminal statutes through a civil action. *Florance v. Buchmeyer*, 500 F.Supp.2d 618, 626 (N.D. Tex. 2007). There is also no constitutional right to have someone criminally prosecuted. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir.1990). The "criminal complaint" is frivolous because it "lacks an arguable basis either in law or in fact." *See Neitzke*, 490 U.S. at 325; *see also Dukes v. Federal Reserve Cental Bank*, No. 3:17-CV-2510-D-BH, 2017 WL 4990682, at *2 (N.D. Tex. Sept. 19, 2017) (recommending dismissal of Rico Dukes' "criminal complaint"), *rec. adopted* 2017 WL 4990650 (N.D. Tex. Oct. 30, 2017); *Dukes v. United States*, No. 3:17-CV-1657-B-BH, 2017 WL 4535288, at *2 (N.D. Tex. Aug. 18, 2017) (same), *rec. adopted* 2017 WL 4512836 (N.D. Tex. Oct. 10, 2017).

## IV. CIVIL CLAIMS

To the extent that the plaintiff's complaint may be liberally construed as seeking to assert any civil claims based on the specific statutes that he cites, those claims are also frivolous.

Section 607 of Title 28 provides that "[a]n officer or employee of the Administrative Office shall not engage directly or indirectly in the practice of law in any court of the United States." It does not provide a private cause of action. *Dukes*, 2017 WL 4990682, at *2; *Dukes*, 2017 WL 4535288, at *2.

Article 1, Section 10, of the Constitution prohibits states from creating any bank of circulation or authorizing the issuance of notes for circulation as currency. *District of Columbia vs. John R. Thompson Co.*, 346 U.S. 100, 104 n. 3 (1953). Claims, like those of the plaintiff, that federal reserve notes are not legal tender because they violate Section 10, Article 1, and that only silver and gold are valid currency, have been summarily rejected. *See Dukes*, 2017 WL 4990682, at *2, citing *United States v. Greenstreet*, 912 F. Supp. 224, 229 (N.D. Tex. 1996).

3

"IRS Codes Section 1.1001-1 (4657) C.C.H." has been cited by *pro se* litigants for the proposition that Federal Reserve Notes are valueless. *See Dukes*, 2017 WL 4990682, at *2, citing *Bray v. America's Home Loans LLC et al.*, No. 12-2305, 2011 WL 8831150, at *11 (8th Cir. Apr. 15, 2011) (pro se appellant's brief); *Dukes*, 2017 WL 4535288, at *2. Treasury Regulation § 1.1001-1 generally concerns the computation of gain or loss realized from the conversion of property into cash or from the exchange of property for other property. *See* 26 C.F.R. § 1.1001-1(a). The plaintiff has alleged no facts to support a plausible claim implicating this regulation. *See Dukes*, 2017 WL 4990682, at *2, citing *Fields-Bey v. Lipford*, No. 11-2686-STA-dkv, 2012 WL 1023049, at *4 n. 13 (W.D. Tenn. Mar. 26, 2012) ("IRS Codes Section 1.1001-1 (457) C.C.H." does not provide for protection of civil rights); *Dukes*, 2017 WL 4535288, at *2 (same).

With regard to the RICO Act, 18 U.S.C. § 1964(c) creates a civil cause of action for a "person injured in his business or property by reason of a violation of section 1962." *Brown v. Protective Life Ins. Co.*, 353 F.3d 405, 407 (5th Cir. 2003). In their simplest terms, the four subsections of 18 U.S.C. § 1962 provide that:

> (a) a person who has received income from a pattern of racketeering activity cannot invest that income in an enterprise;
>
> (b) a person cannot acquire or maintain an interest in an enterprise through a pattern of racketeering;
>
> (c) a person who is employed by or associated with an enterprise cannot conduct the affairs of the enterprise through a pattern of racketeering activity; and
>
> (d) a person cannot conspire to violate subsections (a), (b), or (c).

*See Abraham v. Singh*, 480 F.3d 351, 354–55 (5th Cir.2007); *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir.1995). All four subsections have three common elements: "1) a person who engages in 2) a pattern of racketeering activity [or collection of unlawful debt], 3) connected to the acquisition,

establishment, conduct, or control of an enterprise." *Crowe*, 43 F.3d at 204 (alteration in original). A RICO "person" may be "any individual or entity capable of holding a legal or beneficial interest in property." 18 U.S.C. § 1961(3); *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 439 (5th Cir. 2000). "A pattern of racketeering activity requires two or more predicate acts and a demonstration that the racketeering predicates are related and amount to or pose a threat of continued criminal activity." *Id.* at 441. An enterprise is defined as "any individual partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). As a preliminary matter, a plaintiff must establish standing to sue under RICO. *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 606 (5th Cir.1998).

Here, the plaintiff's bare citations to inapplicable statutes are insufficient to provide an arguable basis either in law or in fact for his RICO claims. Any civil claims should be dismissed as frivolous. *See Dukes*, 2017 WL 4990682, at *3 (recommending dismissal of similarly conclusory RICO claims by Rico Dukes); *Dukes*, 2017 WL 4535288, at *2 (same).

## V. RECOMMENDATION

The plaintiff's claims should be **DISMISSED** with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED on this 27th day of November, 2017.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

  A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                  _____
                  IRMA CARRILLO RAMIREZ
                  UNITED STATES MAGISTRATE JUDGE